**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| EDWARD BUCKHANON,<br>Appellant, | DOCKET NUMBER<br>AT-0752-14-0695-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>Agency. | DATE: October 29, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edward Buckhanon, Jacksonville, Florida, pro se.

James M. Reed, Tampa, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        A U.S. Postal Service employee may file a Board appeal under 5 U.S.C. chapter 75 only if he is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B).  5 U.S.C. § 7511(b)(8).  Thus, to appeal an adverse action under chapter 75, a U.S. Postal employee (1) must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) must have completed 1 year of current continuous service in the same or similar positions without a break in service of a workday.  39 U.S.C. § 1005(a); 5 U.S.C. § 7511(a)(1)(B); *see, e.g.*, *Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, ¶ 13 (2010); *Hayes v. U.S. Postal Service*, 36 M.S.P.R. 622, 624 (1988).

¶3        The appellant appealed the May 23, 2014 termination of his appointment as a Postal Support Employee (PSE) Tractor Trailer Operator.  Initial Appeal File (IAF), Tab 1.[2]  In response to the administrative judge's jurisdictional order, IAF, Tab 5, the appellant submitted documentation indicating that the agency

---

[2] The appellant prematurely filed this appeal on May 17, 2014, IAF, Tab 1, but his termination occurred soon thereafter, IAF, Tab 4 at 14-16, perfecting the appeal, *see* IAF, Tab 8 at 1 n.1.

appointed him to that position effective January 12, 2014, IAF, Tab 7 at 8. Prior to that, the appellant served in the same position from November 17, 2013, to January 10, 2014, and as a Mail Handler Assistant from April 20, 2013, to November 11, 2013. *Id.* at 6-7. The record also established that the appellant is preference eligible, IAF, Tab 4 at 7, and he did not claim that he was either a management or supervisory employee or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, *see* IAF, Tab 8, Initial Decision (ID) at 4 n.2.

¶4      Citing the chronology set forth above, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant had less than 1 year of current continuous service in the same or similar positions without a break in service. ID at 4. In his petition for review, the appellant discusses the merits of his termination, but he does not contend that he had 1 year of current continuous service in the same or similar positions without a break in service. Petition for Review (PFR) File, Tab 1. Moreover, none of the documents he submits with his petition for review, all of which appear to date from before the close of the record below,[3] establish that he had the requisite current continuous service to enable him to appeal his termination to the Board. *Id.* at 6-17.

¶5      We agree with the administrative judge that the appellant failed to demonstrate that he is an employee with Board appeal rights because he lacks the required year of current continuous service in the same or similar positions. The record reflects that, even disregarding the 1-day break in service on Saturday January 11, 2014, the appellant spent just over 6 months in the PSE Tractor Trailer Operator position. ID at 2; IAF, Tab 7 at 6-8, Tab 4 at 14-16. In addition, prior to that, the appellant served in a different position and experienced a 5-day

---

[3] Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. The appellant makes no such showing.

break in service before the agency appointed him to the position of PSE Tractor Trailer Operator.  IAF, Tab 7 at 5-6.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.